08-5959-cv, 09-2143-cv
Ramey et al. v. Dist 141, Int'l Ass'n of Machinists and Aerospace Workers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                         Circuit Judges,
             JOHN F. KEENAN,[*]
                         District Judge.

_____

GARY H. RAMEY; DEAN R. DROZ; EUCLIDES PAIM; DENNIS J. SEATH; RYAN T. ABDOOL; THOMAS P. O'GRADY; JOSEPH R. CUMMINGS; ANTHONY GRGINOVICH; PETER T. EHRLING; MARTIN HIGGINS; JOSEPH PESCATORE; JOHN I. RUDIC; ROCCO F. SALERNO; MICHAEL J. DUNNE; GARRY HAGSTROM; MICHAEL A. PITELLI; JOHN MCARDLE; THOMAS J. ENG; WILLIAM MOSKOWITZ; MICHAEL J. ANDREWS; LASZLO MAYER; WAYNE P. FEUERHERM; MICHAEL FRIM; CHARLES MORRO; JOHN UNTISZ; RAYMOND J. SIMUTA; JAMES M. LOWE; JACK K. GRIMES; DAVID R. HILL; JOHN W. LANE; STEPHEN R. CUNNINGHAM; ALAN W. COCKERHAM; GERALD W. DAVIDSON; ALLEN D. HILTON; ERIC J. STOFFER; GLENN R. PIGG; CHRISTOPHER A. KOBERG; ROBERT L. ENGLAND; EDWARD S. MOORE; RICHARD SHIMKUS; RICHARD ALLUZIO; ERNEST J. ANGELOSANTO; JAMES L. BARNES; NORMAND J. CASTONGUAY; LLOYD CHENEY; MICHAEL CHESNA; ROBERT P. CLINTON; RONALD E. COFFIN; JOHN H. CORKERY, III; JOHN N. D'ANGELO; KENNETH C. DANISEVICH; ELVIO DELISE; RONALD A. FRASER; JOSEPH J. HARRINGTON; JOSEPH R. HUARD; RALPH L. IMBRIANO; HERBERT L. JOHNSON, JR.; PETER D. LAWRENCE; ROBERT LEWIS; PAUL LEWIS; DONALD E. LOEBER; JOSEPH MCGRATH; WILLIAM A. MORGAN; GEORGE A. NICHOLS; EDWIN F. PARSONS, JR.; AND ROBERT E. SMITH, JR.

                                        Plaintiff-Appellees-Cross-Appellants,

        -v-                              08-5959-cv, 09-2143-cv

_____

[*]John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

DISTRICT 141, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AND INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO,

Defendant-Appellant-Cross-Appellees,

-v-

KENNETH THIEDE, in his capacity as President and General Chairman of District 141, International Association of Machinists and Aerospace Workers; DAVIS SNYDER a/k/a/ David "DUKE" SNYDER, in his capacity as Assistant General Chairman, District 141, International Association of Machinists and Aerospace Workers; US AIRWAYS GROUP, INC.; US AIR, INC. a/k/a/ US AIRWAYS, INC.; SHUTTLE, INC. and JOHN AND JANE DOES 1-20,

Defendants.

---

Appearing for Appellant-Cross-Appellees:  Joseph Guerrieri, Jr. (Jeffrey A. Bartos, Angela Serranzana on the brief) Guerrieri, Edmond, Claymon & Bartos, P.C., Washington, DC

Appearing for Appellees-Cross-Appellants:  Eric M. Nelson, New York, NY

Appeal from the United States District Court for the Eastern District of New York  (Cogan, J.; Korman, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** in part and **REMANDED** to the district court to consider appropriate damages in light of the failure of several plaintiffs to meet their duty to mitigate, and also the matter of attorney's fees for the damages portion of the litigation.

The  International Association of Machinists and Aerospace Workers and the International Association of Machinists and Aerospace Workers, AFL-CIO and its District Lodge 141 (the "IAM") appeal from the judgment of the United States District Court for the Eastern District of New York (Cogan, J.) entered on November 24, 2008 in which plaintiffs were awarded damages for breach of the duty of fair representation under the Railway Labor Act ("RLA") 45 U.S.C. § 141 et seq. following a bench trial. Plaintiffs cross appeal the district court's denial of their second application for attorney's fees. We assume the parties' familiarity with the facts and the proceedings below.

The 26 plaintiffs[1] in the present stage of this litigation are former employees of Eastern Airlines ("Eastern").  Most began working for Eastern in the 1960s or the 1970s as mechanics on what was then the Eastern Shuttle. Eastern entered bankruptcy in 1999, and after a series of

---

[1]  There were 66 plaintiffs in the original action, some of whose claims have been dismissed at various stages of the litigation.

transactions, plaintiffs eventually worked for U.S. Airways Shuttle ("Shuttle"). When plaintiffs became U.S. Airways employees in 1999, the IAM assigned them classification seniority dates of 1989, rather than earlier dates reflecting their time at Eastern.

After a series of efforts by U.S. Airways management to restore profitability to the airline, and pursuant to amendments to the collective barging agreement between U.S. Airways and the IAM, plaintiffs were furloughed between January and April, 2003. On July 30, 1999, plaintiffs filed a complaint in the Eastern District of New York, alleging breach of the duty of fair representation under the RLA for failing to accord them proper seniority after the merger. Judge Korman, to whom this matter was originally assigned, bifurcated the case into a liability phase and a damages phase.

At the liability phase, on August 5, 2003 the district court entered judgment for the plaintiffs on their duty of fair representation claim. On August 10, 2004, the Second Circuit affirmed. Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers, 378 F.3d 269, 284 (2d Cir. 2004).

The district court then referred the issue of potential damages to Magistrate Judge Robert M. Levy, who issued a Report and Recommendation concerning the available damages. On February 7, 2008, the district court issued an order outlining the standard to be applied in assessing damages. Judge Cogan found that the ultimate burden of proof that the plaintiffs' injuries were caused by foreseeable events would rest with the plaintiff.

A bench trial followed in April 2008. On October 23, 2008, Judge Cogan issued an Order containing his Findings of Fact and Conclusions of Law. Judge Cogan held that the terrorist attacks were not an intervening cause of the job losses in 2001-2003. In addition, he rejected the defendants' arguments that plaintiffs had insufficiently failed to mitigate damages, and that the severance pay and unemployment compensation received by each of the furloughed plaintiffs should be properly excluded from plaintiffs' back pay recovery.

Judgment was entered on November 24, 2008, awarding total damages of approximately $2.25 million. Defendants now appeal those damages awards.

Plaintiffs submitted their original application for attorney's fees on September 19, 2003. On February 25, 2005, Judge Levy proposed that plaintiffs' initial fee application be granted, and that the amounts be set after a conference with the parties. Judge Korman then adopted Judge Levy's recommendations.

On January 7, 2009, after the end of the damages phase of this case, plaintiffs filed the second fee application (which is at issue on this appeal), covering the period from January 4, 2005 through January 6, 2009, and requesting fees and costs, totaling $462,278.36. The district court denied the application for attorney's fees, finding that "the damages trial did not confer a substantial benefit on the IAM membership." Appellees cross-appeal with respect to the second Fee Order only.

3

This Court "reviews the District Court's findings of fact for clear error, but we review <u>de novo</u> its conclusions of law and its resolution of mixed questions of fact and law." <u>MacWade v. Kelly</u>, 460 F.3d 260, 267 (2d Cir. 2006). We review a decision on attorney's fees under an abuse of discretion standard. <u>Hall v. Cole</u>, 412 U.S. 1, 15 (1973).

Appellant first argues that the district court erred in failing to apply the constructive discharge to plaintiffs' claims. We have explained that "[c]onstructive discharge of an employee occurs when an employer, rather than discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." <u>Flaherty v. Metromail Corp.</u>, 235 F.3d 133, 138 (2000). "A court may find a constructive discharge where the employee resigns because an employer causes to exist conditions of such an unpleasant nature that any reasonable person in the employee's place would do the same." <u>Id.</u> (internal citations and quotation marks omitted).

Appellant blurs the line between "furlough" and "resignation." Appellees correctly assert, in the alternative, that accepting furlough is not equivalent to resigning one's job, and the record indicates as such. The agreement between IAM and U.S. Airways last modified on January 10, 2003 provides that "[t]he company will consider furloughed covered employees for vacancies under the Agreement prior to hiring new employees to fill such vacancies," and that "[e]mployees on furlough shall continue to accrue seniority for a maximum of five (5) years, and thereafter shall only maintain their seniority status while on furlough."

The contract between the union and the airline explicitly drew a distinction between furlough and discharge. This distinction rested on a real difference in employees' status with U.S. Airways. Since plaintiffs were not actually discharged, and instead maintained an employment relationship with U.S. Airways, we see no error in the district court's failure to apply a constructive discharge standard.

Appellant next argues that the district court erred in finding that the plaintiffs had failed to mitigate damages. In order for a plaintiff to recover on a fair representation claim, he must show that he "use[d] reasonable diligence in finding other suitable employment." <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53 (2d Cir. 1998) (citing <u>Ford Motor Co. v. EEOC</u>, 458 U.S. 219, 231 (1982)). This duty, however, is "not onerous." <u>Dailey v. Societe Generale</u>, 108 F.3d 451, 456 (2d Cir. 1997) The "unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position," but "he forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied." <u>Ford</u>, 458 U.S. at 231-32.

"[A]n assessment of the reasonableness of a plaintiff's effort to mitigate encompasses more than a simple review of the duration of his or her job search, or of the plaintiff's initial estimates as to how long a successful job search might take; instead, it entails a consideration of such factors as the individual characteristics of the claimant and the job market, as well as the quantity and quality of the particular measures undertaken by the plaintiff to obtain alternate work." <u>Dailey</u>, 108 F.3d at 456 (internal quotation marks and citation omitted). The defendant bears the evidentiary burden of showing that the plaintiff has failed to satisfy the duty to mitigate. <u>Id.</u>

4

This Circuit has found that "[i]f . . . an employer proves that the employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment." Greenway, 143 F.3d at 54 (internal citation and quotation marks omitted). Appellant points to the fact that plaintiffs Droz, O'Grady, Lowe, and Simuta presented no evidence that they could not have obtained other employment.

Lowe was asked if he had made "any effort to look for other work . . ." and he responded that he had not. Simuta, O'Grady, and and Droz all made similar statements in their depositions. As a general matter, appellant suggests that the plaintiffs' "mitigation efforts varied widely, and thus in this case it would have been particularly important for the court below to make individualized findings, rather than relying on assumptions about the group as a whole." Appellant also suggests that the fact that some plaintiffs were able to find work with other employers (Andrews and Higgins) should weigh against finding that the other plaintiffs met their duty to mitigate.

We conclude that the district court erred by giving insufficient attention to these statements by Droz, O'Grady, Lowe, and Simuta with respect to their failure to mitigate damages. Even though the burden of proof rested on the defendants, the admissions by these plaintiffs that they made no attempts to mitigate damages seems to this panel to be quite damaging, and the district court did not give adequate consideration to this part of the record..

With respect to the other 19 plaintiffs who were awarded damages, the district court correctly found that defendants had failed to meet their burden of proof, and there is no evidence that these plaintiffs made insufficient efforts to seek alternate work. The record below is, in fact, rife with examples of the plaintiffs' job search activities. Paim took on additional hours at his part time job, and Pitelli, McCardle, Pescatore, Ehrling, Cummings, F. Salerno, and Higgins became bench technicians at AAR. Untisz, Grginovich, and Eng also attempted to continue working at U.S. Airways after the furloughs. As for the eight remaining plaintiffs, defendants produced no evidence that they failed to seek out alternate work, and so have not met their burden.

Appellant's final claim on appeal is that the district court erred in failing to offset severance pay and unemployment compensation from the back pay awards. In Dailey, we found that "the decision whether or not to deduct unemployment benefits from a Title VII back pay award rests in the sound discretion of the district court." 108 F.3d at 460. "We do not believe that the rule . . . requiring the deduction of these collateral benefits is appropriate, particularly in view of the compelling reasons, expressed by many of our sister circuits, that a district court might decline to deduct unemployment insurance from back pay." Id. at 460-61. The district court was also within its discretion to decline to offset the severance payments from the damages awards. See Cunningham v. Rederiet Vindeggen A/S/, 333 F.2d 308, 317 (2d Cir. 1964).

Plaintiffs cross appeal only the district court's denial of their second fee application. This Court reviews an attorney's fee award in fair representation cases under an abuse of discretion standard.[2] Rodonich v. Senyshyn, 52 F.3d 28, 33 (2d Cir. 1995). We conclude that the district court erred as a matter of law in denying the application for fees.

---

[2] An abuse of discretion standard applies under the Labor Management Reporting and Disclosure Act, 42 U.S.C. § 412, and the parties do not suggest that a different standard should apply in fair representation cases arising under the RLA. See Rodonich, 52 F.3d at 33.

Attorney's fees are recoverable in circumstances where "the litigation has conferred a substantial benefit on the members of an ascertainable class." Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 393-94 (1970). In fair representation cases, the threshold question in determining whether or not defendants' should bear the burden of attorney's fees is whether the "litigation ha[s] the potential to confer a common benefit to" the union membership. Cruz v. Local Union No. 3, 34 F.3d 1148, 1158 (2d Cir. 1994).

In its consideration of the plaintiffs' application for fees, the district court relied on the Sixth Circuit's assertion in Argentine v. United Steelworkers of America, AFL-CIO, 287 F.3d 476, 489 (6th Cir. 2002) that for the common benefit doctrine to apply, "the [union] members [must] share[] in the benefit of the suit in the same way as the plaintiff[s]."

The district court's formulation of the common benefit doctrine under Argentine, however, is not the law in this Circuit. The assertion that the plaintiffs and the union members must "share[] in the benefit of the suit in the same way," Argentine, 287 F.3d at 489, taken to its logical extension, suggests that an award of damages could never provide a common benefit to the union membership. In Rodonich, we expressly rejected this position. See 52 F.3d at 35 (holding that "each member of the union [need not] receive precisely the same benefits as the plaintiff").

We find that the district court erred in applying a standard that would preclude damages awards from conferring a shared benefit. We therefore remand to the district court so that it can reconsider the plaintiffs' second application for attorney's fees under the appropriate standard, and to clarify whether it understood Argentine to require that the plaintiffs and other members share in the benefit in both kind and degree and, if so, to reevaluate this issue without applying that requirement.

Accordingly, the judgment of the district court is hereby **VACATED** in part and the case is **REMANDED** to consider the question of mitigation with respect to several plaintiffs and the matter of attorney's fees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6